Shaw C. J.
afterwards drew up the opinion of the Court. The only question in this case, is, whether the manufacturing company, the plaintiffs in this action, are liable to be assessed, for their real estate, to the parish tax of the First Congregational society in Millbury, being a territorial parish within whose limits the real estate in question is situated.
The general-right of a territorial parish to tax the real estate of a manufacturing corporation, was considered and determined in the case of Amesbury Nail Factory Co. v. Weed, 17 Mass. R. 53. It was there settled that such property is liable to assessment for parish purposes ; and the liability is placed upon the general ground, that all real estate situated within the limits of a territorial parish is liable to be assessed for parish purposes in the same manner and to the same extent as for municipal purposes, unless in cases specially excepted by law. It would therefore extend to lands of citizens of other States, and to foreigners, without regard to their being members of any religious society, or even to their being Christians.
But the law is supposed, in the argument for the plaintiffs, to have been altered by the statute of 1823, c. 106, § 3, which provides that all real estate, of any citizen of the commonwealth, wherever situated, shall be assessed in the parish or religious society of which he is a member, and no citizen being a member of any religious society in the commonwealth, shall be assessed or liable for any parish tax, in any parish or religious society of which he is not a member. It being a fact agreed, that the members of this corporation reside in Boston, and are all members of religious societies, other than that by which this tax was laid, it is argued that by force of the foregoing statute the property is exempt from taxation to the territorial parish in Millbury.
This argument goes on the assumption that the property is *525 taxed as the property of the members, of which the corporation is composed ; but we think such is an erroneous view of the case. The property is taxed and rightfully taxed, as the property of the corporation. The tax is imposed in virtue of the St. 1786, c. 10, § 3, which provides for the raising of money, by parishes, for parochial objects, “ to be assessed upon the polls and property within the same as by law provided.” The general rule therefore is, that the tax binds all the property, including real estate, whether such property be owned by an individual person or a corporation, a resident or nonresident, a citizen of the commonwealth or of another state ; and being a tax on the property, it is by necessary consequence a charge upon the owner of the property. Such being the general rule, an exception, in effect, is created by St. 1823, c. 106, § 3, which provides, that assessors of parishes shall assess all property of the members, real and personal, wherever situated within the commonwealth, and that no citizen, being a member of any religious society, shall be assessed to pay any tax for parochial charges, to any parish or religious society, other than to that of which he is a member. This statute so far changes the old law, as to exempt from local taxation, all the taxable real estate of persons, who at the time may be members of any other religious society within the- commonwealth ; but it leaves the old law unchanged, in other respects, and of course leaves all taxable real estate liable to local taxation, which belongs to citizens of other states, or which from any other cause does not belong to citizens of the commonwealth who are members of other religious societies.
This leads to the consideration of the only material and important question in the case, which is, whether the real estate of a corporation, for purposes of taxation, can be considered at the time of the assessment the property of the individual stockholders, of whom it then happens to be composed. We are of opinion that it cannot.
The most prominent and familiar view of a corporation is, that it is an independent legal person and political body, subsisting in contemplation of law only, and having a separate existence, with powers and capacities distinct from those of all the members of which it is composed. It therefore has ner *526 petual succession, although its members are constantly changing. One of these capacities is that of taking, holding and alienating real estate. But this must be a corporate act; and it is obvious that no conveyance of estate to a corporation vests any interest in its members ; and no alienation by a corporation, divests any interest of the members. And so no conveyance by all the members of a corporation would pass any corporate property to the grantee. The tax in question is an assessment upon the corporate property, as such, in virtue of the general statute, and affects the corporation, not because its members are the members of any religious society, but because the corporation is the legal owner of the property. For the same reason we think such corporate real estate could not be taxed in other parishes, as the real estate of the mem bers of such corporation, because they are in no legal sense the owners or proprietors of such real estate.
Such appear to us to be the results of a legal view of the character of a corporation ; but we think other views of it lead o the same conclusion. The main object and purpose of a corporation, and one for which its privileges are most sought, is, that it may have a separate, independent and perpetual ex "istence, and that it may stand unaffected by the acts and contracts of any or all its members, and even by a change of all its members ; and it remains equally unaffected by any change of the relation in which they stand. Death, marriage, the birth of children, those events which change all the relations of property among individuals, have no effect upon the character or property of a corporation, though extending to all its members. So the acquisition and alienation of property by the corporation, does not change the property of the members; and the acquisition or alienation of shares, does not affect the property of the corporation. Although therefore at the time when this assessment was made, all the shares in the corporation were held by citizens of the commonwealth, members of other religious societies, yet before the tax could be committed to the collector, transfers of the shares might have been made to the whole amount, to persons not members of any other religious societies. These transferable shares, constituting all the interest which the stockholders have, must eer *527 tainly be considered as personal property. Unless therefore the real estate can be assessed as the property of the corporation, it cannot be assessed at all, contrary to the provision of the statute above cited, requiring parish charges to be assessed on the property within the same, including of course all real estate.
The opinion of the Court then is, that by the construction of the statute of 1786, all real estate lying within the limits of a territorial parish is liable to be assessed, that the statute of 1823 changes this law only when such real estate is held'by a citizen of the state, who is a member of some other religious society, in which case it is to be assessed in such other religious society; that the real estate of a corporation, although its members are members of some other religious society, is not liable to be assessed as the property of such members, m such other religious societies, and therefore it is liable to be assessed in the territorial parish within the limits of which it is situated.[1]

Plaintiffs nonsuit.

 By Rev. Stat. c. 20, § 20, it is provided, that no corporation shall be taxed for any parochial purpose. In the assessment of school taxes, all real estate and machinery belonging to manufacturing corporations are to be taxed in the School districts where the same are situated. Rev. Stat. c. 23, § 34.